UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

KEN ROMANOWSKI, et al.,

    Defendants.

_____/

Case No. 15-cv-11362

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY
MOTION FOR RELIEF FROM JUDGMENT [8]**

Darrin LaPine ("Plaintiff") filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and an Application to Proceed Without Prepayment of Fees or Costs pursuant to 28 U.S.C. § 1915(a)(1). *See* Dkt. Nos. 1, 2. The Court denied Plaintiff's Application for Leave to Proceed Without Prepayment of the Filing Fee and dismissed the Complaint pursuant to 28 U.S.C. § 1915(g), because Plaintiff already had "three strikes." *See* Dkt. No. 6. Presently before the Court is Plaintiff's Emergency Motion for Relief from Judgment [8] in which Plaintiff asserts that § 1915(g) does not apply to his case because he is a parolee and not a "prisoner" as defined by § 1915(h).

Plaintiff brings the present Motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that he is entitled to relief from this Court's judgment. *See* Dkt. No. 8. Rule 60(b) allows a party relief from judgment, order, or other proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321(1996), a prisoner is generally prevented from proceeding *in forma pauperis* in a civil action if, on three or more prior occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The PLRA defines the term "prisoner" as follows:

>As used in this section, the term "prisoner" means any person incarcerated ***or detained in any facility*** who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program.

42 U.S.C. § 1915(h) (emphasis added). A plaintiff's status as a "prisoner" under this section turns on whether the inmate was confined when suit was filed. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012).

Here, even though the Michigan Department of Corrections granted Plaintiff parole and lists him as a parolee, Plaintiff is still a "person incarcerated or detained in any facility." The Complaint alleges that on February 10, 2015, Plaintiff was issued a parole order and was transferred to the Detroit Reentry Center ("DRC"), formerly known as the Ryan Correctional Facility, to take part in a violence prevention program. *See* Dkt. No. 1 at 3. Plaintiff alleges that he transferred to the DRC on March 19, 2015, but has yet to be placed in a program. He also alleges that one of the conditions of parole is to reside at the DRC. *Id.*

Plaintiff further alleges that another condition requires him to remain in residence from 11:00 P.M. to 6:00 A.M. *Id*. Yet, Plaintiff complains that the DRC "is not releasing any parolees and unconstitutionally and unstatutorily (sic) restraining Plaintiff." *Id*. at 4. Plaintiff alleges he "is on 'parole' but not being treated as though he is on parole," and that the DRC is "being run like it's a level 4 [the highest security classification]." *Id*.

Plaintiff describes his circumstances as follows: "Generally there is 1 hour a day of yard recreation for Plaintiff, no library, no law library, no commissary, no table and chairs in the commons area, no keys for the cell door, no visits, no personal property, ½ rations of food." *Id*. Plaintiff alleges that he was told that it would take another three to four months to get into a program and then another thirty to forty-five days until he was released. *Id*. at 5. Plaintiff alleges that the DRC is classified as a community treatment center and not as a state correctional facility under state law. *Id*. at 6.

Plaintiff's status, as alleged in the Complaint, is that of a "prisoner" under §1915(h). At a minimum, Plaintiff is "incarcerated or detained" at "any facility" as a result of his criminal conviction. *See* 42 U.S.C. § 1915(h). It does not matter that the state labels him as a parolee, or that the DRC is being labeled as a community treatment center. *Cf. Jackson v. Johnson*, 475 F3d 261, 265 (5th Cir. 2007) (finding that detention at halfway house qualifies an individual as a "prisoner" under § 1915(h)).

It is true that, generally, a parolee does not qualify as a "prisoner" for purposes of the PLRA. *See*, *e.g.*, *Kerr v. Puckett*, 138 F.3d 321 (7th Cir. 1998). However, in *Kerr*, and cases like it, "the individual was released from incarceration to the general public." *Jackson*, 475 F.3d at 265. Neither in *Kerr* nor in the other cases where the PLRA has been deemed not to apply to

parolees "was the prisoner compelled to reside in a halfway house or any other facility after his release from incarceration." *Id.*

The Court is mindful that in *Marr v. Booker* the Court found that the plaintiff was not a "prisoner" in a similar case because the plaintiff was labeled as a parolee. 2014 U.S. Dist. LEXIS 87137, 17-18 (E.D. Mich. Apr. 30, 2014). However, this Court is not bound by the decision in *Marr*, the rationale for which traces back to cases like *Kerr* dealing with parolees who had been released to the general public. Here, in contrast, it is evident from the Complaint that Plaintiff was "incarcerated or detained" at a facility when he filed his Complaint despite his status as a parolee. Accordingly, the Court finds that it correctly applied 28 U.S.C. §1915(g) to this case.

Plaintiff further asserts that he is exempt from the three-strikes provision because his safety is at risk. A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). To establish that a complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that they are under imminent danger at the time that they seek to file the complaint and proceed *in forma pauperis*. *See Vandiver v. Vasbinder*, No. 08-2602, 416 F. App'x 561 (6th Cir. Mar. 28, 2011); *see also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at the time the complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (holding that past body cavity searches failed to establish imminent danger of serious physical injury).

-5-

Here, Plaintiff's only allegation in this regard is that, because he is a parolee and is being housed with regular inmates he is "in reasonable foreseeable risk." *See* Dkt. No. 8 at 1. This conclusory allegation does not suffice to exempt this action from the reach of 28 U.S.C. §1915(g).

Finally, Plaintiff asserts that he does not have three strikes. He is incorrect. *See LaPine v. Savoie*, 2014 U.S. Dist. LEXIS 102800 (W.D. Mich. July 29, 2014) (listing strikes).

Accordingly, for the reasons discussed, the Court **DENIES** Plaintiff's Emergency Motion for Relief from Judgment [8].

SO ORDERED.

Dated: June 12, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge